NO. 07-10-0335-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 19, 2011

---

BRANDON MICHAEL PENNINGTON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 43,164-B; HONORABLE JOHN B. BOARD, JUDGE

---

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant, Brandon Michael Pennington, appeals from a judgment revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of intentionally and knowingly possessing a controlled substance, methamphetamine, in an amount of 200 grams or more but less than 400 grams by aggregate weight and

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).

sentencing him to fifty years confinement.[2]   Appellant's attorney filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies there are no non-frivolous issues to appeal.   Agreeing with appointed counsel's conclusion that the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In December 2000, Appellant was indicted for possession of a controlled substance, methamphetamine, in an amount of 200 grams or more but less than 400 grams by aggregate weight.   In June 2001, pursuant to a plea agreement, Appellant pleaded guilty as charged in the indictment, and received deferred adjudication community supervision for a period of ten years and a $10,000.00 fine.   Appellant's deferred adjudication was conditioned on his compliance with the specified terms and conditions of the trial court's *Order Deferring Adjudication And Placing [Appellant] On Community Supervision.*

In April 2010, the State filed a *Motion to Proceed with Adjudication of Guilt on Original Charge* alleging three violations of the terms of Appellant's deferred adjudication community supervision.   In July 2010, the State filed an *Amended Motion to Proceed with Adjudication of Guilt on Original Charge* (Motion) adding two additional violations of the terms of Appellant's deferred adjudication community supervision.   This Motion was heard by the trial court in July 2010.   At the hearing, the State waived two allegations and Appellant pled "true" to the remaining three allegations.   Thereafter, the

---

[2]*See* Tex. Health & Safety Code Ann. § 481.114(d) (West 2010).   This offense is a first degree felony punishable by imprisonment for any term of not more than life or ninety-nine years or less than five years and a fine not to exceed $10,000.00.   Tex. Penal Code § 12.32 (West 2011).

trial court heard evidence from three deputies of the Potter County Sheriff's Office, Appellant's Probation Officer and Appellant.

Based on Appellant's pleas of "true" and the evidence provided at the hearing, the trial court revoked Appellant's community supervision, adjudicated him guilty of possession of a controlled substance as alleged in the December 2000 indictment and assessed his punishment at fifty years confinement. The trial court certified Appellant's right to appeal, and he timely filed a notice of appeal.

Thereafter, Appellant's appointed appellate counsel filed a motion to withdraw certifying that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders,* 386 U.S. at 744-45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] Appellant did file

---

[3]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the Trial Court's Certification of Defendant's Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4; *See In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35.

a *pro se* response to his counsel's brief.[4] The State filed no response to either Appellant's brief or *pro se* response.

By his *Anders* brief, counsel raises two arguable issues. Counsel questions (1) whether Appellant's trial counsel was ineffective because he permitted Appellant to plead "true" to three of the State's allegations and (2) whether the trial court had jurisdiction to consider the State's Motion. Counsel then candidly reviews each arguable issue and explains why no reversible error is presented.

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005) (citing *Anders*, 386 U.S. at 744), or, we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)). "Only after the issues have been briefed by new counsel may a court of appeals address the merits of the issues." 178 S.W.3d at 827.

We have reviewed counsel's arguments and we have independently examined the entire record to determine whether there are any non-frivolous issues which might

---

[4]By his *pro se* response, Appellant raises four issues. He questions (1) whether his counsel was ineffective, (2) whether the trial court should have *sua sponte* ordered that Appellant undergo a competency examination; (3) whether his sentence is excessive, (4) whether the testimony offered by deputies of the Potter County Sheriff's Department was biased and hearsay and (5) whether the trial court should have held a suppression hearing.

support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State,* 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief and Appellant's *pro se* response, we find nothing in the record that might arguably support the appeal. *See Bledsoe*, 178 S.W.3d at 826-27 (holding that it is constitutional error for an appellate court to address nonmeritorious arguments raised in a *pro se* response to an *Anders* brief).

Here, the record provides no reason to doubt that Appellant freely, knowingly, and voluntarily entered his plea of "true" to three allegations contained in the State's Motion. A plea of "true" to even one allegation in the State's Motion is sufficient to support a judgment revoking community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State*, 195 S.W.3d 205, 209 (Tex.App.--San Antonio 2006, pet. denied).

In addition, we note that the judgment adjudicating guilt contains language ordering the Appellant to pay court costs in accordance with an attached *Bill of Costs,* which includes attorney's fees of $1,200.00.[5] Court costs and the assessment of attorney's fees pursuant to article 26.05(g) of the Texas Code of Criminal Procedure, as reflected in a certified bill of costs, are effective regardless of whether or not they were orally pronounced in open court or specifically stated in the judgment. *Armstrong v.*

---

[5]The Clerk's Record includes a *Judgment Adjudicating Guilt,* signed August 2, 2010, which references "Court Costs: see attached," immediately followed by a *Bill of Costs,* dated August 6, 2010, which includes attorney's fees in the sum of $1,200.00.

*State,* 340 S.W.3d 759, 766-67 (Tex.Crim.App. 2011). The assessment of attorney's fees must, however, be supported by sufficient evidence. Without record evidence demonstrating a defendant's financial ability to offset the costs of legal services, a trial court errs if it orders reimbursement of court-appointed attorney's fees. *See* Tex. Code Crim. Proc. Ann. art. 25.05(g) (West Supp. 2010); *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010). Here, the record contains no evidence and no determination by the trial court that Appellant has financial resources enabling him to pay such fees. Accordingly, the District Clerk is ordered to amend the *Bill of Costs* by deleting the obligation to pay attorney's fees in the amount of $1,200.00. *See Haney v. State,* No. 07-09-0205-CR, 2010 Tex. App. LEXIS 7229, at *2 (Tex.App.--Amarillo Sept 1, 2010, no pet.) (mem. op., not designated for publication) (modifying judgment by deleting order to pay attorney's fees before affirming conviction in frivolous appeal under *Anders*).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed as modified by the amended *Bill of Costs.*

Patrick A. Pirtle
Justice

Do not publish.

6